# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:19CR00017 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RANDALL LEE PATRICK, JR.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Janine M. Myatt, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Jay H. Steele, Lebanon, Virginia, for Defendant.*

The defendant has filed a Motion in Limine seeking to preclude the government from introducing certain evidence at trial on the ground that the evidence is irrelevant to the issues, or in the alternative, unfairly prejudicial to the defendant. Based on the government's representations as to the nature of the evidence that it intends to introduce, I will deny the motion.

The defendant is charged in the Indictment with health care fraud, in violation of 18 U.S.C. §§ 2 and 1347 (Count One), and specific instances of making false statements relating to health care matters, in violation of 18 U.S.C. §§ 2 and 1035 (Counts Two through Forty-Two).

The government's allegations are that between May 1, 2013, and September 30, 2017, defendant Patrick was a Virginia Medicaid provider who was paid by the

Virginia Department of Medical Assistance Services ("DMAS"). Patrick was known as a Consumer Directed Service Facilitator ("CDSF").

DMAS offered services through special "waiver" programs to elderly or disabled Medicaid recipients who otherwise might be placed in a nursing facility to remain in their homes. Such individuals, if approved, were permitted to employ a personal care aide of their own choosing. The responsibility of the CDSF was to assist the Medicaid recipient with hiring the caregiver and coordinating the services provided by the caregiver. The CDSF is responsible for doing home visits, training, and assessments with the Medicaid recipient on a regular basis.

One of persons for whom Patrick was responsible was E.H., a mentally disabled 17-year-old, who lived with his parents and two younger brothers. On August 31, 2015, local police visited the home, leading to the eventual conviction in state court of E.H.'s parents for abuse and neglect of E.H. and his brothers. The evidence in that case showed that E.H. and his brothers were locked in their bedroom for long periods of time without access to a bathroom, without electricity, with the window nailed shut, and with nothing in the room except two soiled mattresses.[1]

The government contends that as E.H.'s CDSF, Patrick billed DMAS for personal visits and assessments with E.H. at the home on thirteen occasions between January 1, 2014, and August 31, 2015, the date of the discovery of the conditions in

---

[1] E.H.'s parents and his caregiver were also convicted in this court for health care fraud.

the home. The latest billing by Patrick was for an alleged visit on July 3, 2015. The government contends that Patrick fabricated his visits, thus defrauding DMAS. The government proposes to introduce evidence as to E.H.'s living conditions to show that Patrick did not fact visit the home, or else he would have been aware of the abuse and reported it, as he was required to do. The government represents that it will offer the testimony of a police officer as to her eyewitness view of E.H.'s living conditions on August 31, and photographs taken at the time. The government asserts that from this evidence the jury can infer that the inhumane conditions had existed for an extended period.

I find that the proposed evidence as represented is relevant to the government's charge contained in Count One. *See* Fed. R. Evid. 401. While nearly two months elapsed from the date of Patrick's claimed visit to the date of the witness's observation of E.H.'s living conditions, that time difference does not appear on the present facts to be beyond a jury's reasonable inference that the same conditions existed at the time Patrick claimed to be there.[2]

The remaining question is whether the proposed evidence should be excluded under Federal Rule of Evidence 403, allowing the refusal of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice.

Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be

---

[2] Of course, the defendant is not precluded from contending to the contrary.

prejudicial to the defense." *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998). As a general matter, the "balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996). Therefore, evidence may be excluded "only if the evidence is *unfairly* prejudicial and, even then, only if the unfair prejudice *substantially* outweighs the probative value of the evidence." *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (emphasis in original). Unfair prejudice exists "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) (internal quotation marks and alteration omitted); *see also United States v. Dumire*, Crim. No. 7:15-cr-00098, 2016 WL 4507390, at *6 (W.D. Va. Aug. 26, 2016).

I find that the proposed evidence would not be unfairly prejudicial. Rule 403 does not bar evidence that "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged." *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). While the government does not represent that it has specific information regarding the consequences of the defendant's alleged failure to properly carry out his duties to oversee the care of other elderly or disabled clients, that possibility in the minds of the jurors might very well be as

disturbing as the alleged consequences to client E.H.  I do not believe that the risk of allowing the contested evidence is disproportionate to its strong probative value.

For these reasons, it is **ORDERED** that the Motion in Limine, ECF No. 31, is DENIED.

ENTER: October 21, 2019

/s/ *JAMES P. JONES*
United States District Judge